MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
RENE DAVALOS, *individually and on behalf of others similarly situated,*

                *Plaintiff*,

-against-

1623 PIZZA CORP. (D/B/A ENZO'S PIZZERIA), PAUL REISNER, and JESSICA GOLD,

                *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Rene Davalos ("Plaintiff Davalos" or "Mr. Davalos"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against 1623 Pizza Corp. (d/b/a Enzo's Pizzeria), ("Defendant Corporation"), Paul Reisner, and Jessica Gold, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Davalos is a former employee of Defendants 1623 Pizza Corp. (d/b/a Enzo's Pizzeria), Paul Reisner, and Jessica Gold.

2. Defendants own, operate, or control a pizzeria restaurant, located at 1623 Oriental Blvd., Brooklyn, NY, 11235 under the name "Enzo's Pizzeria".

3. Upon information and belief, individual Defendants Paul Reisner, and Jessica Gold, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the pizzeria as a joint or unified enterprise.

4. Plaintiff Davalos was employed as a pizza maker at the pizzeria located at 1623 Oriental Blvd., Brooklyn, NY, 11235.

5. At all times relevant to this Complaint, Plaintiff Davalos worked for Defendants in excess of 40 hours per week without appropriate overtime and spread of hours compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Davalos appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiff Davalos the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8. Furthermore, Defendants repeatedly failed to pay Plaintiff Davalos wages on a timely basis.

9. Defendants' conduct extended beyond Plaintiff Davalos to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Davalos and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11. Plaintiff Davalos now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650

*et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Davalos seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Davalos's state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a pizzeria restaurant located in this district. Further, Plaintiff Davalos was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Rene Davalos ("Plaintiff Davalos" or "Mr. Davalos") is an adult individual residing in Kings County, New York.

16. Plaintiff Davalos was employed by Defendants at Enzo's pizzeria from approximately May 2018 until on or about March 22, 2020.

17. Plaintiff Davalos consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all relevant times, Defendants owned, operated, or controlled a pizzeria restaurant, located at 1623 Oriental Blvd., Brooklyn, NY, 11235 under the name "Enzo's Pizzeria".

19. Upon information and belief, 1623 Pizza Corp. (d/b/a Enzo's Pizzeria) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1623 Oriental Blvd., Brooklyn, NY, 11235.

20. Defendant Paul Reisner is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Paul Reisner is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Paul Reisner possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Davalos, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Jessica Gold is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jessica Gold is sued individually in her capacity as a manager of Defendant Corporation. Defendant Jessica Gold possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including

Plaintiff Davalos, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a pizzeria restaurant located in the Manhattan Beach section of Brooklyn in New York City.

23. Individual Defendants, Paul Reisner, and Jessica Gold, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Davalos's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Davalos, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Davalos (and all similarly situated employees) and are Plaintiff Davalos's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Davalos and/or similarly situated individuals.

28. Upon information and belief, Individual Defendant Paul Reisner operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Davalos's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Davalos, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Davalos's services.

30. In each year from 2018 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the pizzeria on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Davalos is a former employee of Defendants who was employed as a pizza maker. Plaintiff Davalos seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Rene Davalos*

33. Plaintiff Davalos was employed by Defendants from approximately May 2018 until on or about March 22, 2020.

34. Defendants employed Plaintiff Davalos as a pizza maker.

35. Plaintiff Davalos regularly handled goods in interstate commerce, such as pizzeria and other supplies produced outside the State of New York.

36. Plaintiff Davalos's work duties required neither discretion nor independent judgment.

37. Throughout his employment with Defendants, Plaintiff Davalos regularly worked in excess of 40 hours per week.

38. From approximately May 2018 until on or about August 2018, Plaintiff Davalos worked from approximately 8:00 a.m. until on or about 5:30 p.m., Mondays through Fridays and from approximately 10:00 a.m. until on or about 5:00 p.m., Saturdays (typically 55 hours per week).

39. From approximately September 2018 until on or about July 2019 (except for the first two weeks of January 2019), Plaintiff Davalos worked from approximately 8:00 a.m. until on or about 9:00 p.m., Mondays through Fridays (typically 65 hours per week).

40. For the first two weeks in January 2019, Plaintiff Davalos worked from approximately 8:00 a.m. until on or about 6:00 p.m. Mondays through Fridays (typically 50 hours per week).

41. From approximately July 2019 until on or about August 2019, Plaintiff Davalos worked from approximately 8:00 a.m. until on or about 6:00 p.m., Mondays through Fridays (typically 50 hours per week).

42. From approximately September 2019 until on or about February 2020 (except for the first two weeks in January 2020), Plaintiff Davalos worked from approximately 8:00 a.m. until on or about 9:00 p.m., Mondays through Fridays (typically 65 hours per week).

43. For the first two weeks of January 2020, Plaintiff Davalos worked from approximately 8:00 a.m. until on or about 6:00 p.m. (typically 50 hours per week).

44. From approximately February 2020 until on or about March 2020, Plaintiff Davalos worked from approximately 9:00 a.m. until on or about 6:00 p.m., Mondays through Fridays (typically 45 hours per week).

45. Throughout his employment, Defendants paid Plaintiff Davalos his wages in cash.

46. From approximately May 2018 until on or about November 2018, Defendants paid Plaintiff Davalos $13.00 per hour.

47. From approximately November 2018 until on or about November 2019, Defendants paid Plaintiff Davalos $15.00 per hour.

48. For approximately one week in November 2019, Defendants paid Plaintiff Davalos $17.00 per hour.

49. From approximately November 2019 until on or about February 2020, Defendants paid Plaintiff Davalos $18.00 per hour.

50. For approximately two weeks in March 2020, Defendants paid Plaintiff Davalos $20.00 per hour.

51. Defendants never granted Plaintiff Davalos any breaks or meal periods of any kind.

52. Plaintiff Davalos was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

53. Defendants did not provide Plaintiff Davalos an accurate statement of wages, as required by NYLL 195(3).

54. Defendants did not give any notice to Plaintiff Davalos, in English and in Spanish (Plaintiff Davalos's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

55. Defendants required Plaintiff Davalos to purchase "tools of the trade" with his own funds—including basil and parsley.

*Defendants' General Employment Practices*

56. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Davalos (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate spread of hours pay and overtime compensation as required by federal and state laws.

57. Plaintiff Davalos was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

58. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

59. Defendants paid Plaintiff Davalos his wages in cash.

60. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Davalos (and similarly situated individuals) worked, and to avoid paying Plaintiff Davalos properly for his full hours worked.

61. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

62. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Davalos and other similarly situated former workers.

63. Defendants failed to provide Plaintiff Davalos and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

64. Defendants failed to provide Plaintiff Davalos and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of

the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

65. Plaintiff Davalos brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

66. At all relevant times, Plaintiff Davalos and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

67. The claims of Plaintiff Davalos stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

68. Plaintiff Davalos repeats and realleges all paragraphs above as though fully set forth herein.

69. At all times relevant to this action, Defendants were Plaintiff Davalos's employers

(and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Davalos (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

70. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

71. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

72. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Davalos (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

73. Defendants' failure to pay Plaintiff Davalos (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

74. Plaintiff Davalos (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

75. Plaintiff Davalos repeats and realleges all paragraphs above as though fully set forth herein.

76. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Davalos overtime compensation

at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

77. Defendants' failure to pay Plaintiff Davalos overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

78. Plaintiff Davalos was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

79. Plaintiff Davalos repeats and realleges all paragraphs above as though fully set forth herein.

80. Defendants failed to pay Plaintiff Davalos one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Davalos's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

81. Defendants' failure to pay Plaintiff Davalos an additional hour's pay for each day Plaintiff Davalos's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

82. Plaintiff Davalos was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

83. Plaintiff Davalos repeats and realleges all paragraphs above as though fully set forth herein.

84. Defendants failed to provide Plaintiff Davalos with a written notice, in English and in Spanish (Plaintiff Davalos's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

85. Defendants are liable to Plaintiff Davalos in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

86. Plaintiff Davalos repeats and realleges all paragraphs above as though fully set forth herein.

87. With each payment of wages, Defendants failed to provide Plaintiff Davalos with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

88. Defendants are liable to Plaintiff Davalos in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

89. Plaintiff Davalos repeats and realleges all paragraphs above as though fully set forth herein.

90. Defendants required Plaintiff Davalos to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

91. Plaintiff Davalos was damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

92. Plaintiff Davalos repeats and realleges all paragraphs above as though set forth fully herein.

93. Defendants did not pay Plaintiff Davalos on a regular weekly basis, in violation of NYLL §191.

94. Defendants are liable to Plaintiff Davalos in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Davalos respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Davalos and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Davalos's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Davalos and the FLSA Class members;

(e) Awarding Plaintiff Davalos and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Davalos and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Davalos;

  (h)  Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Davalos;

  (i)  Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Davalos;

  (j)  Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Davalos's compensation, hours, wages and any deductions or credits taken against wages;

  (k)  Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Davalos;

  (l)  Awarding Plaintiff Davalos damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

  (m)  Awarding Plaintiff Davalos damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

  (n)  Awarding Plaintiff Davalos liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

  (o)  Awarding Plaintiff Davalos and the FLSA Class members pre-judgment and post-judgment interest as applicable;

  (p)  Awarding Plaintiff Davalos and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Davalos demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

June 5, 2020

>                                 MICHAEL FAILLACE & ASSOCIATES, P.C.
>
> By:     /s/ Michael Faillace
>         Michael Faillace [MF-8436]
>         60 East 42nd Street, Suite 4510
>         New York, New York 10165
>         Telephone: (212) 317-1200
>         Facsimile: (212) 317-1620
>         *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 27, 2020

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:        Renato Davalos

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:    _[signature]_

Date / Fecha:         27 de Abril de 2020